```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                          AT CHARLESTON
```

**SHERRY ANN WALKER,**
**Administratrix of the estate**
**of Arnold Leroy Walker, Jr.,**
**and SHERRY ANN WALKER,**
**Individually,**

    **Plaintiff,**

**v.**                                                  **CIVIL ACTION NO. 2:07-00317**

**MEDTRONIC, INC., and**
**MEDTRONIC USA, INC.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the court are defendants' motion for stay (Doc. No. 22) and plaintiff's motion to amend the scheduling order (Doc. No. 25). For the reasons stated below, the court **DENIES** defendants' motion and **GRANTS** plaintiff's motion.

### I.   Factual and Procedural Background

Plaintiff Sherry Walker filed suit in this court on May 18, 2007, alleging diversity jurisdiction under 28 United States Code Section 1332.  (Doc. No. 1.)  Plaintiff asserts that her late husband, Arnold Leroy Walker, Jr., died when his internally-implanted Medtronic SynchroMed EL Infusion Pump malfunctioned. (Id. at 3.)  She asserts three causes of action against defendants Medtronic, Inc., and Medtronic, USA, Inc. (collectively "Medtronic"), the manufacturers of the pump in

question.  Count One alleges that defendants acted negligently in designing, manufacturing, inspecting, marketing, and distributing the Medtronic infusion pump.  (Id. at 4-5.)  Count Two asserts strict liability on the part of the defendants for injuries caused by the infusion pump.  (Id. at 5-6.)  In Count Three, plaintiff contends that defendants breached implied and express warranties applying to the pump.  (Id. at 6-7.)  For relief, plaintiff seeks compensatory and punitive damages, attorney's fees, costs, and pre- and post-judgment interest.  (Id. at 7.)  Defendants answered the complaint on August 1, 2007, asserting, among other defenses, that plaintiff's claims are preempted by the Medical Device Amendments to the federal Food, Drug, and Cosmetic Act.  (Doc. No. 5 at 4; Doc. No. 6 at 4.)

On January 16, 2008, defendants moved to stay all proceedings in this matter pending the resolution of a related case currently on appeal before the United States Supreme Court of Appeals.  (Doc. No. 22.)  Defendants argue that judicial economy and efficiency will be served by the requested stay, because Riegel v. Medtronic, Inc., 451 F.3d 104 (2d Cir. 2006), cert. granted, 127 S. Ct. 3000 (2007), if affirmed, may result in the dismissal of at least some of plaintiff's claims.  (Doc. No. 23 at 3.)  Because oral argument in Riegel has already occurred and a ruling is expected within approximately six months, defendants contend that plaintiff will not be prejudiced by the

stay.  (Doc. No. 23 at 2-3.)  Plaintiff opposes the stay, arguing that, although the Supreme Court's decision in Riegel will necessarily have an impact on the outcome of this case, that impact will not be broad enough to justify the suspension of discovery in this matter.  (Doc. No. 24.)

## II.  Analysis

In Landis v. North American Co., the United States Supreme Court explained that

> the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

Landis v. North Am. Co., 299 U.S. 248, 254-55 (1936).  This power to stay extends to cases in which a court may wish to delay action in the case before it pending the outcome of similar litigation instituted earlier in another court.  Amdur v. Lizars, 372 F.2d 103, 106 (4th Cir. 1967).

In Riegel, the Second Circuit Court of Appeals analyzed the preemption provision of Section 360k(a) of the 1976 Medical Device Amendments to the Food, Drug, and Cosmetic Act as applied to medical devices that have received premarket approval ("PMA") from the Food and Drug Administration ("FDA").[*]  The Riegel court

---

[*] The preemption provision states as follows:

-3-

joined the majority of circuits to address the issue in holding that tort claims that allege liability as to such devices, "notwithstanding that device's adherence to the standards upon which it obtained premarket approval from the FDA, are preempted by Section 360k(a)." Riegel, 451 F.3d at 106.  The court was careful to limit the scope of its ruling, however:

> We note that our preemption analysis is quite limited in scope, affecting the small universe of cases resting on claims alleging liability despite a PMA-approved device's adherence to the standards upon which it secured FDA premarket approval.  We take care to explain that we do not hold that all state tort claims as to PMA-approved devices are preempted.  Thus, tort claims that are based on a manufacturer's departure from the standards set forth in the device's approved PMA application – such as the Riegels' negligent manufacturing claim – are not preempted.

Id.

Defendants argue that the Supreme Court's affirmation of the Second Circuit's decision would render plaintiff's claims "subject to dismissal."  (Doc. No. 26 at 2.)  It appears, however, that this would be true only if the Supreme Court

---

> (a) General Rule.  Except as provided in subsection (b), no State or political subdivision of a State may establish or continue in effect with respect to a device intended for human use any requirement --
>    (1) which is different from, or in addition to, any requirement applicable under this Act to the device, and
>    (2) which relates to the safety or effectiveness of the device or to any other matter included in a requirement applicable to the device under this Act.

21 U.S.C. § 360k(a).

-4-

affirms <u>Riegel</u> without limiting the ambit of the Section 360k(a) preemption in the manner set forth above.  As plaintiff observes, although <u>Riegel</u> holds the potential to limit or otherwise affect plaintiff's legal theories, it is unlikely that its outcome will entirely alter the scope of discovery to be conducted in this litigation.  (<u>See</u> Doc. No. 24 at 2.)

Furthermore, because the Supreme Court's ruling is expected within a matter of months, any hardship arising from the current uncertainty in the law may be at least partially mitigated by the court's granting of plaintiff's motion to amend the scheduling order.  (Doc. No. 25.)

### III.  Conclusion

For the reasons set forth above, the court hereby **DENIES** defendants' motion for stay (Doc. No. 22) and **GRANTS** plaintiff's motion to amend the scheduling order (Doc. No. 25).  The court further **DIRECTS** Magistrate Judge Mary E. Stanley to enter an amended scheduling order addressing the issues raised in plaintiff's motion.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to Magistrate Judge Mary E. Stanley and to all counsel of record.

It is **SO ORDERED** this 6th day of February, 2008.

ENTER:

David A. Faber
United States District Judge